IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL ORTIZ,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER TORGENSON et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER DISMISSING DEFENDANT & ORDERING SERVICE ON REMAINING DEFENDANTS**<br><br>Case No. 2:17-CV-328-TC<br><br>District Judge Tena Campbell |

   Plaintiff/inmate, Daniel Ortiz, filed a *pro se* civil rights case, *see* 42 U.S.C.S. § 1983 (2017), proceeding *in forma pauperis*, *see* 28 *id.* 1915. The Court now screens his Complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

## DISMISSAL ORDER ON DEFENDANT UDOC

   Plaintiff names as a defendant Utah Department of Corrections (UDOC). The Court dismisses UDOC, as a governmental subdivision that has neither the right to sue nor be sued and has immunity under the Eleventh Amendment.

## ORDER FOR SERVICE OF PROCESS ON REMAINING DEFENDANTS

   The Court concludes that official service of process is warranted on the remaining defendants. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, (*see* Docket Entry # 4), along with this Order, upon the following defendants: **Officer Torgenson, Captain Cultur, Lieutenant Peterson,**

**Sergeant Pickett, Officer Braithwait, CHS Allred, CHS George, Sergeant Anderson, and Officer Ekkart.**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

> (i) within 20 days of service, file an answer;
>
> (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1]; and,
>
> (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

> (i) file an answer; or
>
> (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).
  In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing his answer.

The parties shall take note that local rules governing civil cases are in effect. This Court will order the parties to refile summary-judgment motions which do not follow the standards. *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant UDOC is **DISMISSED.**

(2) USMS shall serve a completed summons, a copy of the Complaint, (*see* Docket Entry # 5), and a copy of this Order upon the above-listed **remaining** defendants— **Officer Sarah Torgenson, Captain Cultur, Lieutenant Roger Peterson, Sergeant Glenn Pickett, Officer R. Braithwait, CHS Allred, CHS George, Sergeant HeatherAnderson, and Officer Ekkart.**

(3) Within twenty days of service, Defendants must file answer(s) or motion to dismiss, as outlined above.

(4) If filing (on exhaustion or any other basis) a *Martinez* report, Defendants must do so within 90 days of filing answer(s). Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(5) If served with a *Martinez* report, Plaintiff may file a response within 30 days of the report's filing date.

(6) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(7) Summary-judgment motion deadline is 120 days from filing of answer.

(8) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

DATED this 26th day of October, 2017.

BY THE COURT:

_Tena Campbell_
JUDGE TENA CAMPBELL
United States District Court