IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL ORTIZ,<br><br>      Plaintiff,<br><br>v.<br><br>OFFICER TORGENSEN et al.,<br><br>      Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 2:17-CV-328 TC<br><br>District Judge Tena Campbell |

On March 27, 2019, in thirty-one pages thoroughly reciting facts and analysis, the Court granted Defendants' summary-judgment motion. (Doc. Nos. 60 & 70.) To summarize, Plaintiff's failure-to-protect claim was denied primarily based on failure to exhaust; retaliation claim was denied primarily based on lack of "but-for motivation"; and inadequate-medical-treatment claim denied primarily based on failure to show deliberate indifference. (Doc. No. 70.)

Plaintiff then filed Motion to Reconsider, which the Court construes as a motion to alter or amend the judgment. (Doc. No. 72.) Plaintiff specifically asserts that the Court erred in its perspective on the facts and its conclusions that the undisputed material facts do not support Plaintiff's claims against Defendants. (*Id*.) He further argues that, if the Court had granted his discovery requests, he would have had the factual ammunition to derail the Court's analysis.

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under

> Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist here. He does little more than rehash arguments that the Court decided against him: for instance, he has a different idea than the Court does about what the undisputed, material facts are and what conclusions they lead to, and he ignores that the basis of the decision on his failure-to-protect claim was failure to exhaust, not the merits. He does not suggest there is new evidence but instead refers to and attaches grievances that would have allegedly made a difference to the Court's analysis; he does not explain why he did not highlight and attach those grievances in his original summary-judgment responses.

Finally, perhaps indicating an argument of clear error or manifest injustice, he faults the Court's denial of his unnecessarily expansive motion to compel discovery for curtailing the evidence he could use to support his attacks on Defendants' summary-judgment motion. (Doc. Nos. 41, 46-48, & 65-66.) Plaintiff's motion to compel discovery was filed before discovery began via the standard process in prisoner § 1983 cases of requiring defendants to file a *Martinez* report. (Doc. Nos. 9, 41, 46-48.) He could have--after the *Martinez* report was filed--specified exactly what items of additional evidence would have legitimately helped him prove each of his

claims' elements. This he did not do, nor does the Court believe further evidence would have changed the result.

For example, Plaintiff contends that a certain video's contents would have proved his failure-to-protect claim. However, this ignores the fact that the Court based its rejection of the claim on his failure to exhaust, not the merits. Other examples include Plaintiff's arguments that the Court left out facts in his favor.

However, the Court clearly accepted as true the undisputed, material facts, including those that did not flatter Defendants, such as: (1) Under its failure-to-protect section, the Court accepted as true Plaintiff's statement that Defendant Peterson said that Plaintiff's behavior of pursuing a grievance regarding his assault "put a huge spotlight" on Plaintiff and that "it would all go bad for [Plaintiff] if [he] pursue[d] it." (Doc No. 70, at 8.) (2) Under its retaliation section, the Court accepted as true that Defendants denied privileges, moved Plaintiff to more restrictive housing, and confiscated property, all based *partly* on "a wish to deter Plaintiff's grievance filings." (*Id*. at 14-22.) And, (3) under its inadequate-medical-care section, the Court accepted as true that Defendants Sorensen and Sylvester did not take Plaintiff to physical therapy. (*Id*. at 23, 27-29.) Just because such facts have aspects that seem damning to Plaintiff does not make them dispositive under the elements of a legal cause of action. Including and despite such facts, Plaintiff did not make a case for each of his claims. Any additional evidence along these lines that Plaintiff laments was not considered by the Court would not have changed the result and thus was not material.

In sum, Plaintiff does not meet the exacting standard for relief under Rule 59(e); the Court's March 27, 2019 Order and Judgment stand.

**ORDER**

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (Doc. No. 72.)

This action remains closed.

DATED this 13th day of November, 2019.

BY THE COURT:

JUDGE TENA CAMPBELL
United States District Court