IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL ORTIZ,<br><br>     Plaintiff,<br><br>v.<br><br>OFFICER TORGENSEN et al.,<br><br>     Defendants. | **MEMORANDUM DECISION &<br>ORDER DENYING MOTION FOR<br>RELIEF FROM JUDGMENT**<br><br>Case No. 2:17-CV-328 TC<br><br>District Judge Tena Campbell |

On March 27, 2019, Defendants were granted summary judgment. (ECF No. 70.) In sum, Plaintiff's failure-to-protect claim was denied based on failure to exhaust; retaliation claim was denied based on lack of "but-for motivation"; and inadequate-medical-treatment claim denied based on failure to show deliberate indifference. (ECF No. 70.) The Court later denied Plaintiff's post-judgment motion under Rule 59(e). (ECF No. 82.)

Plaintiff again attacks the Court's final judgment, this time in a motion under Federal Rule of Civil Procedure 60(b)(3), asserting Defendants committed fraud by omitting evidence and arguing certain positions. (ECF No. 89.) He challenges only the Court's decision that Plaintiff's failure-to-protect claim could not be addressed on its merits because he had not exhausted his administrative remedies.

The original dismissal order concluded that Plaintiff did not exhaust, based on undisputed material facts that (1) prison policy required him to file a grievance within seven days of the July 29, 2015 assault upon which his failure-to-protect claim was based, and (2) he did not file a grievance within those seven days. (ECF No. 70, at 7.) The Court thoroughly addressed

Plaintiff's argument that a fully-exhausted grievance (# 9908922519) filed nearly three months later (on October 22, 2015) met grievance-policy requirements and so his claim's merits could be considered. (*Id*. at 7-12.) Rejecting his argument, the Court concluded that Grievance # 9908922519 was "actually about the separate issue of alleged retaliation, not failure to protect from the assault." (*Id*. at 7.) The Court's analysis dissected the level-one grievance. (*Id*. at 7-8.)

Plaintiff now submits the level-two and -three documents for Grievance # 9908922519, contending (a) Defendants fraudulently withheld these documents, and (b) their content shows Defendants' argument (that Grievance # 9908922519 does not support Plaintiff's assertion that he exhausted) is fraudulent. (ECF No. 89.)

> Federal Rule of Civil Procedure 60(b) states in relevant part:
>
>> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> . . .
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

"[F]raud is generally defined as a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." *Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1313 (10th Cir. 2015) (citing *Wolford v. Pinnacol Assurance*, 107 P.3d 947, 952 n.6 (Colo. 2005) (quotations omitted); *Black's Law Dictionary* 775 (10th ed. 2014)). "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). Further, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a

party in which an attorney is implicated will constitute a fraud on the court." *Weese*, 98 F.3d at 552-53. Fraud on the court occurs when the fraud "is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). Importantly, allegations of fraud that did not affect the decision from which relief is sought are insufficient to establish fraud on the court. *Szczygiel v. Rice*, No. 06-3037-JTM, 2009 WL 413367, at *2 (D. Kan. Feb. 18, 2009).

Plaintiff neither observes the definition of fraud, nor its heightened standard of proof. Just because Defendants may have left out a couple documents from their *Martinez* report does not mean fraud--i.e., concealment with intent to induce the Court to act to its (or Plaintiff's) detriment. Further, Defendants' arguments based on Grievance 9908922519 were taken under advisement by the Court, just as Plaintiff's arguments were. The Court is capable of weeding through the parties' arguments, understanding that each side has its bias, without considering that bias to be fraud.

Moreover, it was always understood by the parties and the Court that Grievance # 9908922519 was exhausted--and so necessarily level-two and -three documents existed. (ECF No. 70, at 7-8.) Even if the Court had possessed the level-two and -three documents, it was axiomatic to the Court that levels two and three could not have expanded the scope of level one. *Cf. United States v. Krall*, 822 F.3d 808, 809-10 (10th Cir. 2020) (stating issue preserved for appeal only if lower court adequately alerted to issue). Thus, as the Court had already analyzed and concluded the level-one grievance raised the issue of retaliation--*not* the tangential issue of failure to protect--the level-two and -three documents would not have made a difference to the Court's deliberation. Further, the Court's review of the level-two and -three documents serves

only to bolster its conclusion that Grievance # 9908922519 is at bottom about retaliation. In his level-two grievance, Plaintiff states, "I have been harassed, threatened, and punished because of my grievances." (ECF No. 89-1, at 7.) He goes on to give several examples, one being the failure-to-protect claim involving the assault. (*Id*.) In his level-three grievance, Plaintiff states generally, "What I am grieving is the retaliation that I have been put through by prison officials . . . ." (*Id*. at 9.) Again, the failure-to-protect claim involving the assault is mentioned as an example. (*Id*.) The failure-to-protect claim involving the assault was not grieved within seven days from the July 29, 2015 assault; it was therefore not exhausted.

Plaintiff has not shown that fraud exists here. Plaintiff thus does not meet the standard for relief under Rule 60(b); the Court's March 27, 2019 Order and Judgment stand. (ECF No. 70.)

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (ECF No. 89.) This action remains closed.

DATED this 20th day of November, 2020.

BY THE COURT:

_____
JUDGE TENA CAMPBELL
United States District Court