IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL ORTIZ,<br><br>               Plaintiff,<br><br>v.<br><br>OFFICER TORGENSON et al.,<br><br>               Defendants. | **MEMORANDUM DECISION<br>& ORDER AFTER TENTH<br>CIRCUIT'S REMAND OPINION**<br><br>Case No. 2:17-CV-328 TC<br><br>District Judge Tena Campbell |

On March 27, 2019, the Court granted summary judgment for Utah Department of Corrections defendants Allred, Anderson, Braithwait, Burnham, Dennis, Ekker, George, Peterson, Pickett, Sorensen, Sylvester, and Torgensen. (ECF No. 70, at 31.)

On appeal, the Tenth Circuit Court of Appeals affirmed this Court's "judgment as to Ortiz's failure-to-protect claim, denial-of-medical-care claim, and retaliation claim" (regarding Defendant Ekker). (ECF No. 103, at 29.) The Tenth Circuit then vacated (a) "the judgment as to Ortiz's retaliation claim as it relates to defendants Anderson and Peterson"; and (b) this Court's denial of Ortiz's motion to compel discovery. (*Id.*) The court of appeals remanded to this Court "for proceedings consistent with this opinion." (*Id.*)

With its exhibits, Ortiz's motion to compel discovery was a substantial 125 pages, covering all twelve defendants and three claims. (ECF No. 41.) Now, though--with but two defendants and one claim remaining--much of the motion to compel is irrelevant. Further, Ortiz will no doubt want to reshape any discovery requests to reflect the Tenth Circuit's extensive guidance on discovery and Ortiz's retaliation claim against Defendants Anderson and Peterson.

(ECF No. 103, at 11-15, 18-24.) Ortiz's motion to compel discovery is thus denied, with the expectation that, if desired, Ortiz will propose further discovery regarding only his retaliation claim against Defendants Anderson and Peterson.

Further, Plaintiff's motion for appointed counsel was denied in a past order, in which the Court noted, "however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf." (ECF No. 33, at 2.) Now that time has come: The Court concludes that counsel is needed to help Plaintiff with post-remand litigation on the lone remaining claim against the sole remaining defendants, Anderson and Peterson. (ECF No. 103, at 29.) The Court therefore vacates its past order denying counsel. (ECF No. 33.)

**IT IS ORDERED** that:

(1) Ortiz's motion to compel discovery is **DENIED**. (ECF No. 41.)

(2) The Court's order denying counsel is **VACATED**. (ECF No. 33.) Plaintiff's motion for appointed counsel is now **GRANTED**. (ECF No. 12.)

(3) The Clerk of Court must secure *pro bono* counsel to represent Plaintiff in pursuing, against Defendants Anderson and Peterson, his claim of unconstitutional retaliation.

(4) Counsel shall enter an appearance within fourteen days of appointment.

(5) Within ninety days of entering appearance of counsel, if desired, Plaintiff's counsel shall make new discovery requests--tailored to the single remaining claim--to Defendants Anderson and Peterson.

(6) Within 120 days of Plaintiff's counsel's entry of appearance, Plaintiff's and Defendants' counsel shall propose a jointly agreed upon scheduling order for potential settlement or litigation through trial.

(7) Plaintiff must not act *pro bono* to file further documents but must instead wait to consult his attorney, when appointed. Effective now, any documents Plaintiff submits directly to the Court will be returned to him.

DATED this 4th day of May, 2021.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge